**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
Joseph Rivalo, *on behalf of himself and other*      :
*similarly situated,*                                 :
                                                      :
                                      *Plaintiffs*,   :
            - against -                               :
                                                      :
1422 Fulton Chicken LLC, 8221 Flatlands               :
Chicken LLC, AR Group Brooklyn LLC, and               :
Ali Butt,                                             :
                                                      :
                                      *Defendants*.   x
--------------------------------------------------------

     **FLSA COLLECTIVE ACTION**
     **and RULE 23 CLASS ACTION**
     **COMPLAINT**

     **Jury Trial Demanded**

Plaintiff Joseph Rivalo, on behalf of himself and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants 1422 Fulton Chicken LLC ("Fulton Chicken"), 8221 Flatlands Chicken LLC ("Flatlands Chicken"), AR Group Brooklyn LLC ("AR Group Brooklyn", and together with Fulton Chicken and Flatlands Chicken, the "Corporate Defendants") and Ali Butt ("Defendant Butt" or the "Individual Defendant," and together with the Corporate Defendants, the "Defendants"), and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL",

he and a proposed class of others similarly situated employees entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) unpaid uniform maintenance; (5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

3.     In addition to seeking recovery for the Plaintiff individually, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance pay, and statutory penalties for similarly situated employees.

<u>**JURISDICTION AND VENUE**</u>

4.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants reside and/or maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

<u>**PARTIES**</u>

6.     At all relevant times, Plaintiff Joseph Rilvalo is an adult individual, over 18 years old, residing in Brooklyn, and a citizen of New York.

7.     1422 Fulton Chicken LLC is a domestic limited liability company, formed in Kings County, organized and existing under the laws of the State of New York, with a service

of process address in the care of Ali Butt at 68 Culver Road, Suite 150, Monmouth Junction, New Jersey 08852.

8.     1422 Fulton Chicken is the entity on the pay stubs that Plaintiff has retained from working at Defendants' Popeyes Louisiana Kitchen ("Popeyes") restaurant located at 1422 Fulton Ave, Brooklyn, New York 11216.

9.     8221 Flatlands Chicken LLC is a domestic limited liability company formed in Kings County, organized and existing under the laws of the State of New York, with a service of process address in the care of Ali Butt at 68 Culver Road, Suite 150, Monmouth Junction, New Jersey 08852.

10.    AR Group Brooklyn LLC is a domestic limited liability company formed in Kings County, organized and existing under the laws of the State of New York, with a service of process address in the care of Ali Butt at 68 Culver Road, Suite 150, Monmouth Junction, New Jersey 08852.

11.    Defendant Ali Butt is an adult, over 18 years of age, and a resident and citizen of the State of New Jersey.

12.    Upon information and belief, Defendant Ali Butt is the President, CEO, and owner of AR Group Restaurants, Inc. a New Jersey business corporation which is the parent company of 1422 Fulton Chicken, 8221 Flatlands Chicken LLC, and AR Group Brooklyn, LLC.

13.    Upon information and belief, Defendant Butt's AR Group Restaurant, Inc. owns approximately 130 different franchise locations of fast-food restaurants across five states, including Popeyes's Louisiana Kitchen and Arby's restaurant locations.

14.    Upon information and belief, the Individual Defendant Ali Butt actively

participates in the day-to-day operations of the 1422 Fulton Chicken LLC, 8221 Flatlands Chicken LLC, and AR Group Brooklyn LLC and acted intentionally and maliciously and is the employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

15.     Defendants' business operates multiple Popeyes Louisiana Kitchen fast food restaurants in Kings County and throughout the State of New York.

16.     Upon information and belief, the Individual Defendant has control over and the power to change compensation practices for all employees of the Corporate Defendants.

17.     Upon information and belief, the Individual Defendant has had the power to determine employee policies for employees of the Defendants, including, but not limited to, time-keeping, payroll, and uniform policies.

18.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

19.     Defendants continuously employed Plaintiff and similarly situated employees to work as non-exempt employees.

20.     The work performed by Plaintiffs was essential to the business operated by Defendants.

21.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully

earned wages in direct contravention of New York Labor Law's minimum wage requirements.

22.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

23.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

24.     Defendants knowingly and willfully failed to pay Plaintiffs the uniform maintenance fees required under New York Labor Law and the New York Compensation Code Rules and Regulations ("NYCRR").

25.     Defendants knowingly and willfully failed to provide required accurate wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

26.     Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

27.     Defendants' business owns and operates Popeyes Louisiana Kitchen, Arby's, and other fast food franchise restaurants in New York State, New Jersey, and at least three other states.

28.     Plaintiff Joseph Rivalo began working for Defendants around January 2019 until the end of his employment in July 2022 at their Popeyes restaurant location at 1422 Fulton Street, Brooklyn, New York 11216 as well as filling in at times at two other Popeyes locations at 8221 Flatlands Ave, Brooklyn, NY 11236 and 3764 Nostrand Ave., Brooklyn, NY 11235.

29.     Plaintiff initially worked part time for Defendants while he was in high school.

30.     After graduating from high school, Plaintiff worked for Defendants full time, working an average of 50 hours per week.

31.     Defendants scheduled Plaintiff to work five ten hour shifts each week, usually from 6 pm to as late as 4 am.

32.     Defendants required Plaintiff to clock in and out.  On occasion, Plaintiff worked more than ten hours in a single shift.

33.     At all times during Plaintiff's employment, Defendants paid him the New York City minimum wage of $15 per hour via check or direct deposit for the first 40 hours he worked in a week.

34.     Defendants never paid Plaintiff the required overtime rate of time and one-half for each hour he worked each work over 40.

35.     To the contrary, Defendants paid Plaintiff just $13 per hour, less than minimum wage, in cash for every hour he worked in excess of 40, and far less than the required overtime rate of time and one-half.

36.     Despite scheduling and requiring Plaintiff to work 50 or more hours per week, Defendants provided Plaintiff with inaccurate pay stubs showing that he worked exactly 40 hours each week at a rate of $15 per hour.

37.     Defendants never paid Plaintiff the required spread of hours pay of one additional hour for shifts he worked in excess of ten hours.

38.     Plaintiff's rate of pay was always at or below the applicable minimum wage for a large employer in New York City on a weekly basis accounting for all compensation owed, including uniform maintenance pay.

39.     Plaintiff was required to wear a uniform at all times while employed by Defendants.

40.     The uniform consisted of a shift and a hat emblazoned with Defendants'

Popeyes logo.

41.     Plaintiff was required by Defendants to wear this uniform every shift.

42.     Plaintiff did, in fact, wear the uniform every shift.

43.     Defendants did not launder Plaintiff's required uniforms, nor did Defendants offer to launder the required uniforms.

44.     Defendants issued approximately three shirts and one hat to Plaintiff which was not consistent with and sufficient for the average number of shifts he worked each week.

45.     Plaintiff's uniform was issued by Defendants to Plaintiff for the express benefit of Defendants and it was a condition of Plaintiff's employment to wear it in a clean condition during each shift.

46.     Defendants never paid any uniform maintenance pay.

47.     Plaintiff was entitled to additional pay for time spent off the clock and money spent in laundering and maintaining Defendants' uniform.

48.     Because of Defendants' improper compensation policies, Plaintiff was deprived of pay, in direct violation of the NYLL

49.     This pattern of conduct was continuous throughout Plaintiff's employment.

50.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

51.     Defendants implemented a policy across all stores and for all employees which is the same policy Plaintiff was subject to - the requirement to wear a work uniform consisting of a shirt with logo and hat with logo; no option for employer to launder the uniform; and no uniform maintenance pay.

52.     Defendants knowingly and willfully operate their business with a policy of not paying for every hour worked in an amount sufficient to compensate Plaintiff and other

similarly situated employees for all amounts due under the New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

54.     Defendants did not furnish Plaintiffs and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

55.     Plaintiff and similarly situated employees reserve the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendants' corporate and franchise ownership structure is produced by Defendants during discovery.

## COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former employees of Defendants for the
> three-year period prior to the filing of the complaint.

57.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and

belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

58.   Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in

conflict with those members of this collective action.

59.   This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

60.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

61.   Questions of law and fact common to the members of the collective action

predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.  Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

f.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for all hours worked; and

g.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

62.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

63.  Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

64.  Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

65.  In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former delivery employees of Defendants
> for the six-year period prior to the filing of the complaint.

66.  Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

67.  The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

68.  The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

69.  Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

70.  Plaintiff will fairly and adequately protect the interests of the Proposed Class.

71.  Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that he must consider their interests just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class Members.

72.  Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

73.  Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

74.  There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

     a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

     b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

     c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants failed to pay Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.   Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.   Whether Defendants required a uniform;

g.   Whether Defendants failed to reimburse the cost of maintaining, laundering, or purchasing a required uniform.

h.   Whether Defendants laundered or offered to launder the required uniforms;

i.   Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
***Brought on behalf of Plaintiff and the Proposed FLSA Collective***

75.   Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

76.  Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

77.  At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78.  At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

79.  Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

80.  Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

81.  Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

82.  At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

83.  At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40)

hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

85. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

86. Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

87. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

88. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

89. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

90.  Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

91.  Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

92.  Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

93.  Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

94.  Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiff and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

95.  Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

96.  Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor

Regulations § 146-2.3.

97.  Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

98.  Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

99.  At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

100. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

101. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Failure to Pay Uniform Maintenance Costs - *Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

102. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

103. Defendants required Plaintiff and the Class to wear a uniform consisting of a hat

and a shirt emblazoned with Defendants' Popeyes logo.

104. Defendants did not launder Plaintiff's or the Class's required uniforms, nor did Defendants offer to launder them.

105. Plaintiff and the Class's uniforms were issued by Defendants for the expressed benefit of Defendants and it was a condition of their employment to wear them during each shift.

106. Defendants never paid to Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

107. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendants required.

108. The hourly rate paid by Defendants to Plaintiff and the Class were either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

109. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

### COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

110. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

111. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary

language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

112. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

113. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

114. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

115. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

116. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum

wage and overtime compensation pursuant to 29 U.S.C. § 216;

v.      An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation, uniform maintenance pay, and "spread of hours" premium pursuant to the New York Labor Law, the New York Compensation Codes Rules and Regulations, and the New York State Wage Theft Prevention Act;

vi.      An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii.      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

ix.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x.      An award of prejudgment and post-judgment interest;

xi.      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xii.      Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
     August 23, 2022               **LAW OFFICE OF MOHAMMED GANGAT**

By:   _____

               Mohammed Gangat,

Esq. 675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*