UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH RIVALDO, *on behalf of himself and others similarly situated*,

     Plaintiffs,

- against –

1422 FULTON CHICKEN LLC, 8221 FLATLANDS CHICKEN LLC, AR GROUP BROOKLYN LLC, and ALI BUTT,

     Defendants.

22-cv-05273 (NRM)(RML)

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

---

  This Settlement Agreement and Release ("Agreement") is entered into by and between Joseph Rivaldo ("Plaintiff"), on the one side, and 1422 Fulton Chicken LLC, ("1422 Fulton") on the other.

  **WHEREAS**, by Complaint filed on January 25, 2023, in the United States District Court for the Eastern District of New York ("Complaint"), Plaintiff claimed that 1422 Fulton, as well as 8221 Flatlands Chicken LLC, AR Group Brooklyn LLC and Ali Butt (collectively "Defendants") violated provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), and the New York Labor Law ("NYLL") and its supporting regulations, including but not limited to NYLL Sections 194, 195 and 12 N.Y.C.R.R. Section 190 et. seq. (including Sections 146-1.6, 146-2.1, 146-2.3), all in connection with his employment with Defendants ("the Action"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties"; and

  **WHEREAS**, on April 17, 2023, Defendants filed an Answer to the Complaint denying any wrongdoing and asserting pertinent defenses; and

  **WHEREAS** thereafter, Plaintiff and Defendants, through their respective attorneys began arms' length settlement negotiations in order to attempt to resolve this matter on behalf of the named Plaintiff without the need for further litigation; and

  **WHEREAS**, Defendants deny all material allegations asserted by Plaintiff in his Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, and has denied and continues to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff, and states that at all times Plaintiff was paid all wages due; and

**WHEREAS,** the Parties have exchanged extensive information related to the Claims in this Action, such as payroll records, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS**, the Parties desire to compromise, settle and resolve the disputes, claims and other matters based on, relating to or arising out of Plaintiff's employment with any of the Defendants and/or the wrongdoing alleged by him; and

**WHEREAS,** the purpose of this Agreement is to dismiss, with prejudice, the Action and to settle fully and finally, and forever compromise and discharge all Released Claims (as defined below) that Plaintiff have or may have against Defendants; and

**WHEREAS,** the Parties expressly acknowledge that nothing in this Agreement, nor the fact of the Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendants; and

**WHEREAS,** the Parties have analyzed and evaluated the merits of the claims made against Defendants and the defenses raised by Defendants in the Action, and based upon that analysis and evaluation, and recognizing the substantial risks and expense of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

**1.    SETTLEMENT PAYMENT, DISTRIBUTION, AND PAYOUT**

a.    <u>Settlement Amount</u>. In full and final settlement of the Action, and in consideration for the release contained in Paragraph "2" of this Agreement, 1422 Fulton agrees to pay Plaintiff and his counsel a total gross sum of Twenty-Five Thousand Dollars and Zero cents ($25,000.00) (the "Negotiated Settlement Payment") for purposes of settling this Action. Payment of the Negotiated Settlement Payment is contingent upon the Court approving this Agreement.

b.    <u>Attorneys' Fees and Costs</u>. Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable in accordance with the Retainer Agreement executed by the Plaintiff in this case. Defendants take no position with respect to the Attorneys' Fees and Costs, including, without limitation, whether the Attorneys' Fees and Costs are accurate.

c.    Plaintiff will receive two checks as follows: (i) a check in the amount of Three Thousand Nine Hundred Forty-Six ($3,946), less applicable taxes and withholdings to be reported on an IRS Form W-2 to account for back wages; (ii) a check in the amount of Eleven Thousand Eight Hundred Thirty-Eight Dollars ($11,838), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3). Each of these two checks shall be made payable to "Joseph Rivaldo."

d.    <u>Payments to Plaintiff' Counsel</u>. 1422 Fulton shall pay Plaintiff's counsel the balance of the negotiated Settlement Amount, Nine Thousand Two Hundred Sixteen ($9,216),

representing a 1/3 contingency fee ($7,891) plus costs ($1,325), to be reported on an IRS Form 1099-MISC (Box 10), by check payable to "Law Office of Mohammed Gangat".

  e. <u>Taxes</u>.  For purposes of tax withholding, as set forth in Section 1(b) above, 1422 Fulton shall deduct all appropriate and necessary taxes from the aforementioned wage payment and shall pay, separately from the Negotiated Settlement Payment, the applicable employer's portion of the taxes due.  Plaintiff shall be responsible for his own share of all taxes, interest, or penalties, if any, due as a result of the portion of the Negotiated Settlement Payment he receives as payment under this Agreement.  1422 Fulton shall provide Plaintiff with all appropriate tax withholding statements, as required by law. Notwithstanding the foregoing, Plaintiff is not relying on any information provided by Defendants, their employees, or its attorneys concerning the tax consequences of payments made under this Agreement.

  f. <u>Delivery of Checks</u>.  All checks specified above shall be delivered to: Law Office of Mohammed Gangat, 675 3rd Avenue, Suite 1810, New York, New York 10017 by overnight delivery within thirty (30) days of the Court approval of the Settlement Agreement.

  g. <u>No Other Payments Due</u>. Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacations or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work he performed for Defendants during the relevant time period as defined in the Complaint to the date the Parties execute this Agreement.

**2. RELEASE OF WAGE AND HOUR CLAIMS BY PLAINTIFF**

  In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendants, including their owners, partners, officers, directors, shareholders, members, agents, employees, attorneys, insurers, representatives, successors, and assigns ("Released Parties"), of and from any and all claims for damages, salaries, wages, wage supplements, compensation, statutory damages or penalties, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims set forth in the Action, and any other claim brought, or that could have been brought, relating to or arising from his work performed for Defendants or any of the Released Parties or the facts that gave rise to the Action, under the FLSA, the NYLL, the Wage Theft Protection Act ("WTPA"), and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146.  Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient

basis for immediate dismissal of such claims by Plaintiff against any Defendant, except to the extent that Plaintiff seek enforcement of the terms of this Agreement.

3.  **APPROVAL, RETENTION OF JURISDICTION AND DISMISSAL**

    a.  <u>Approval of Settlement Agreement</u>. The Parties, through counsel, shall present a fully-executed copy of this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

    b.  <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over the Action to enforce the terms of this Agreement.

4.  **NO ADMISSION OF LIABILITY**

    The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants or any of the Released Parties, Plaintiff's separation of employment with Defendants, and/or otherwise.

5.  **ATTORNEYS' FEES AND COSTS**

    The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

    The parties further agree that if either party files a lawsuit (or court pleading or motion or request) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other, or otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's costs and disbursements and reasonable attorney' fees incurred in the process of enforcing the Agreement.

    It is further expressly agreed that if any party must appear and otherwise participate in any bankruptcy proceeding in connection with enforcing the terms of this agreement, then that party shall be entitled to recover against the party whom enforcement is sought, the reasonable cost of attorneys' fees incurred in bankruptcy. It is further expressly agreed that if any party must undertake judgment enforcement efforts including for example an Execution or levy involving a Sheriff, in connection with enforcing the terms of this agreement, then that party shall be entitled to recover against the party whom enforcement is sought, the reasonable cost of attorneys' fees incurred in such judgment enforcement efforts.

**6.   APPLICABLE LAW; FORUM SELECTION**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Eastern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in accordance with the applicable provisions of the New York Civil Practice Law and Rules.

**7.   EXECUTION IN COUNTERPARTS; FACSIMILE SIGNATURES; FORCE AND EFFECT**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**8.   PLAINTIFF'S REPRESENTATIONS**

Plaintiff represents and warrants that he has entered into this Agreement on his own free will and accord, not subject to coercion or undue influence. Plaintiff further warrants that he is satisfied with the legal representation and services received from his attorneys, The Law Office of Mohammed Gangat, and believes that the Negotiated Settlement Payment and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiff has agreed to dismiss subject to receipt of the Negotiated Settlement Payment, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Released Parties, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

**9.   ENTIRE AGREEMENT**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

**10.  NON-WAIVER/NO MODIFICATION**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

**11.  INTERPRETATION**

a.  <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

b.  <u>Captions and Headings</u>. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**12.  NOTICES**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiff: | If to Defendants: |
|---|---|
| Mohammed Gangat, Esq.<br>Law Office of Mohammed Gangat<br>675 Third Ave. # 1810<br>New York, New York 10017<br>mgangat@gangatpllc.com | Hillary Raimondi, Esq.<br>Traub Lieberman Straus & Shrewsberry LLP<br>7 Skyline Drive<br>Hawthorne, NY 10532<br>Fax: (212) 434–0105<br>hraimondi@tlsslaw.com |

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

**13.     PLAINTIFF UNDERSTANDS, REPRESENTS AND AGREES THAT:**

a.     has carefully reviewed all terms of this Agreement with his attorneys in this Action, in his native language;

b.     is, through this Agreement, releasing Defendants and Released Parties from any and all wage-and-hour claims, including the Claims that were or could have been asserted in the Action, that Plaintiff may have against them relating to his employment with Defendants or Released Parties or his separation from employment with them;

c.     knowingly and voluntarily agrees that upon receipt of the Settlement Payment, he has received all wages and wage supplements due from Released Parties;

d.     knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

e.     knowingly and voluntarily intends to be legally bound by this Agreement;

f.     was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

g.     is duly authorized and has full authority to execute this Agreement.

**PLAINTIFF:**

_/s/ Joseph_
Joseph Rivaldo

Dated: 6/16/2023

**DEFENDANT:**

1422 Fulton Chicken, LLC

By: _Nafiu B___

Title: MEMBER

Dated: 6/22/23

7